IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. ELLIS,<br><br>    Plaintiff,<br><br>v.<br><br>F. FAULK, Warden,<br><br>    Defendant. | Case No.: C 14-2151 JSC (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a California prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983.[1] He claims that he is "factually innocent," and that he was convicted by "false evidence." He further alleges that the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. §§ 2244(d)(1), 2254(d), is "blocking" his attempt to obtain federal habeas relief. He seeks a lawyer and "an investigation" into his claims of innocence. (Complaint at 3.)

Challenges to the lawfulness of confinement must be brought in a petition for a writ of habeas corpus. *Hill v. McDonough*, 547 U.S. 573, 579 (2006). Indeed, a habeas petition is the "exclusive remedy" for the prisoner who seeks "immediate or speedier release" from confinement. *Skinner v. Switzer*, 131 S. Ct. 1289, 1293 (2011); *see also Docken v. Chase*, 393 F.3d 1024, 1026 (9th Cir. 2004). As Plaintiff challenges the validity of his conviction and

---
[1] Plaintiff has consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. No. 6.)

1 resulting confinement, his claims may not be brought in a civil rights complaint; rather, he
2 must raise his claims in a petition for a writ of habeas corpus.  Accordingly, the complaint will
3 be dismissed without prejudice to Plaintiff bringing his claims in a petition for a writ of
4 habeas corpus.

It is noted that Plaintiff has previously brought a petition for a writ of habeas corpus challenging the same conviction he challenges here.  *See Ellis v. Roe*, No. 01-3141 MMC (PR).  That petition was denied on its merits on December 3, 2005.  A second or successive petition may not be filed in a federal district court unless petitioner first obtains from the United States Court of Appeals for the Ninth Circuit an order authorizing this court to consider the petition.  See 28 U.S.C. § 2244(b)(3)(A).  Therefore this action is DISMISSED without prejudice to Plaintiff bringing his claims in a petition for a writ of habeas corpus after he obtains the necessary authorization from the United States Court of Appeals.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: July 28, 2014

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE